**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie Jackson, et al., | No. CV-21-00082-TUC-RCC |
| Plaintiffs, | **ORDER** |
| v. | |
| National Mentor Holdings Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Remand to State Court (Doc. 18) and Defendants' Motion for Sanctions (Doc. 19). These matters have been fully briefed. (Docs. 18, 19, 21, 28, 30, 31.) For the reasons set forth below, the Court will grant the Motion to Remand to State Court (Doc. 18) and deny the Motion for Sanctions (Doc. 19).

## I.    Factual Background

On November 11, 2019, Plaintiffs filed an action in Pima County Superior Court alleging a series of claims related to medical malpractice. (Doc. 1-2 at 2.) On February 22, 2021, Plaintiffs filed a Notice of Removal of Action. (Doc. 1.) On March 2, 2021, Defendants filed a Motion to Remand to State Court (Doc. 18) and a separate Motion for Sanctions (Doc. 19). On March 5, 2021, Plaintiffs filed a Notice of Declaration of Prejudice Re: State Court Action in Support of Plaintiffs' Removal ("Declaration of Prejudice"). (Doc. 21.) The Declaration of Prejudice contained Plaintiffs' belief that, due to an inquiry by the State Bar of Arizona and the Pima County Superior Court's denial of Plaintiffs'

Counsel Michael Traylor's pro hac vice application, "a cloud of prejudice" now exists in this matter that can only be remedied by removal to federal court. (*Id.* at 4.)

## II.    Motion to Remand

Pursuant to 28 U.S.C. § 1447(c), Defendants ask the Court to remand this case to Pima County Superior Court. (Doc. 18.) As a threshold matter, Defendants assert that removal was improper because only defendants may remove a case to federal court. (*Id.* at 2.) Second, Defendants argue that, even if Plaintiffs could remove, removal in this case was untimely because the deadline was November 2, 2020 and Plaintiffs did not file a Notice of Removal until February 22, 2021. (*See id.*; Doc. 1.)

Plaintiffs respond asserting that the Court has discretion to permit removal of this case because Plaintiffs filed a Declaration of Prejudice averring it is Plaintiffs' belief that they have suffered and shall continue to suffer prejudice in Pima County Superior Court. (Doc. 30 at 4.) Plaintiffs rely on a footnote in *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106 n.2 (1941) to argue that a plaintiff may remove to federal court where prejudice exists in the state court. (*Id.*) Furthermore, Plaintiffs claim that Defendants waived their right to seek remand because they consented to jurisdiction by moving for sanctions under Federal Rule of Civil Procedure 11. (*Id.* at 3.) Plaintiffs emphasize that the remand statute, 28 U.S.C. § 1447(c), already permits an aggrieved party to seek fees and costs incurred defending against improper removal. (*Id.*) Finally, Plaintiffs argue that Defendants waived any challenges to removal based on subject matter or personal jurisdiction because no such challenges appeared in Defendants' Motion to Remand to State Court. (*Id.* at 4.) The "[f]ailure to attack jurisdiction" on these grounds, Plaintiffs assert, "is fatal to Defendants' motion." (*Id.*)

### a.  Legal Standard for Remand

A civil action originally brought in state court, but over which a federal court would have original jurisdiction, "may be removed *by the defendant or the defendants*, to the district court . . . for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Section 1441(a) specifies that such are

1   the rules for removal "[e]xcept as otherwise expressly provided by Act of Congress." *Id.*

2   "No authority, however, supports the proposition that a plaintiff . . . in a state action may

3   be transformed into a defendant for purposes of removal simply because an adverse ruling

4   is issued against him or her." *ASAP Copy & Print v. Canon Bus. Sols., Inc.*, 643 F. App'x

5   650, 652 (9th Cir. 2016).

6        There was a brief period of time when "'either party' to the suit [had] the privilege

7   of removal." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104–05 (1941). This is

8   no longer the law. When Congress revised the removal statute, it omitted the phrase "either

9   party" and replaced it with "by the defendant or the defendants." *Id.* at 106–07. In

10  *Shamrock Oil & Gas*, the Supreme Court reasoned that this deliberate revision

11  demonstrated an intent "to narrow the federal jurisdiction on removal." *Id.* at 107. Thus, it

12  concluded that, even where a defendant files a counterclaim, a plaintiff is not a defendant

13  and cannot remove to federal court. *Id.* at 103, 107.

14       In *Shamrock Oil & Gas*, the Supreme Court quoted a House of Representatives

15  committee report documenting the legislative history of the removal statute's revision to

16  support its conclusion that Congress intentionally restricted the removal power to

17  defendants. *Id.* at 106 n.2. The committee sought to limit the right to remove to defendants,

18  but the report noted it was the committee's belief "that when a plaintiff makes affidavit

19  that from prejudice or local influence he believes that he will not be able to obtain justice

20  in the State court he should have the right to remove the cause to the Federal court. The

21  bill secures that right to a plaintiff." *Id.* (quoting H.R. Rep. No. 1078, 49th Cong., 1st Sess.

22  p.1.).

23       Moreover, if removal was improper, "[a]n order remanding the case may require

24  payment of just costs and any actual expenses, including attorney fees, incurred as a result

25  of the removal." 28 U.S.C. § 1447(c). While "'actual expenses incurred' is to be

26  distinguished from a sanctions award under Rule 11, which is also available under a

27  [S]ection 1447(c) removal . . . [,] '[C]ivil [R]ule 11 can be used to impose a more severe

28  sanction when appropriate.'" *Gotro v. R&B Realty Grp.*, 69 F.3d 1485, 1487–88 (9th Cir.

1995) (quoting H.R. Rep. No. 100-889, at 72 (1988)). In other words, a district court may impose sanctions pursuant to Rule 11 even in a case that is later remanded because the court lacks jurisdiction. *See Willy v. Coastal Corp.*, 503 U.S. 131, 132, 138–39 (1992).

### b.  Remand Analysis

Here, the Court finds that *only* defendants may remove cases to federal court. Although Plaintiffs rely on the footnote in *Shamrock Oil & Gas*, the applicable statute, § 1441, does not contain any language providing an exception for plaintiffs who believe they will be prejudiced in the state court. Rather, § 1441(a) makes clear that a civil case "may be removed by the defendant or the defendants" and only an Act of Congress may alter these rules. *Shamrock Oil & Gas* is consistent with this reading of the statute. Indeed, there, the Supreme Court cited the committee report to reach the same conclusion: the removal statute does not permit plaintiffs to remove to federal court.

Plaintiffs have not cited any case where a plaintiff successfully removed to federal court based on alleged prejudice, nor has this Court located any such caselaw. Accordingly, removal in this matter was improper in the first instance. Therefore, the Court need not reach the questions of timeliness, subject matter jurisdiction, or personal jurisdiction. Furthermore, Plaintiffs' argument that Defendants consented to the Court's jurisdiction by seeking sanctions under Rule 11 rather than only fees and costs under § 1447(c) misses the mark. The law is clear that a district court remanding a case to state court is within its discretion to impose appropriate Rule 11 sanctions separate from an award of fees and costs sought under § 1447(c).

For the reasons stated above, the Court will grant Defendants' Motion to Remand this matter to Pima County Superior Court.

### III.   Motion for Sanctions

In a separate motion, Defendants ask the Court to impose sanctions because Plaintiffs violated Rule 11(b)(1) and Rule 11(b)(2). (Doc. 19 at 2.) Defendants request sanctions in the form of costs and fees expended litigating Plaintiffs' removal. (*Id.* at 3.) First, Defendants assert that Plaintiffs removed to federal court for an "improper purpose"

in violation of Rule 11(b)(1). (*Id.*) Specifically, Defendants believe Plaintiffs' clearly impermissible removal "burdens defense counsel in expending additional resources responding to the Notice of Removal, may delay proceedings in the proper forum, and increases costs for all parties and the courts." (*Id.*) Defendants also accuse Plaintiffs of manufacturing diversity of citizenship in an effort to forum shop. (*Id.*) With regard to Rule 11(b)(2), Defendants assert that Plaintiffs' claims are not warranted by existing law. (*Id.* at 3.)

In response, Plaintiffs first argue that Defendants' Motion for Sanctions is "procedurally flawed" because Defendants did not comply with the safe harbor provisions contained in Rule 11. (Doc. 28 at 3.) Plaintiffs assert that Defendants did not give them the 21 days required by Rule 11(c)(2) to withdraw or correct their Notice of Removal before Defendants filed their Motion for Sanctions. (*Id.*) Instead, Defendants emailed Plaintiffs' Counsel Cary Lackey on Sunday, February 28, 2021 notifying him that removal was improper and stating, "If we are required to file an objection and motion for remand, we will be seeking sanctions." (Doc. 28-1 at 5.) On Tuesday, March 2, 2021 at 5:26 p.m., Defendants emailed Plaintiffs saying they had yet to receive a response and would be filing their motions. (*Id.* at 4.) Plaintiffs then filed the Motion to Remand to State Court and Motion for Sanctions that same day at 7:13 p.m. and 7:15 p.m. respectively. (Docs. 18, 19.) After the motions were filed, Plaintiffs' Counsel Mr. Lackey replied to Defendants' email at 7:39 p.m. stating Plaintiffs believed they were "on defensible footing" in seeking an exception to the defendants-only removal rule, indicating Plaintiffs would not be withdrawing their Notice of Removal. (Doc. 30-1 at 4.)

Plaintiffs also assert that Defendants "failed to comply with the specificity required to obtain Rule 11 relief" because they believe Defendants have not presented a factual predicate for the Court to consider. (*Id.* at 4.) Moreover, Plaintiffs argue that removal was not "legally or factually baseless." (*Id.*) Finally, Plaintiffs say Defendants' main arguments are (1) that removal was untimely and (2) that Plaintiffs were forum shopping, and Plaintiffs assert that neither argument is successful. (*Id.* at 4–5.)

### a. Legal Standard for Sanctions

An attorney or unrepresented party who presents to the Court a motion, pleading, or other paper, "certifies that to the best of the person's knowledge, information, and belief . . . (1) it is not being presented for any improper purpose . . . [and] (2) the claims, defenses, and other legal contentions are warranted by existing law . . . ." Fed. R. Civ. P. 11(b)(1)–(2). The Court has discretion to impose sanctions for violations of Rule 11(b). Fed. R. Civ. P. 11(c)(1).

If an opposing party wishes to seek sanctions, the party may file a motion for sanctions separately from any other motion and describe the specific conduct in violation of Rule 11(b). Fed. R. Civ. P. 11(c)(2). "The motion [for sanctions] must be served under Rule 5, *but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service* or within another time the court sets." *Id.* (emphasis added). This is otherwise known as Rule 11's safe harbor provision. In the Ninth Circuit, courts "enforce this safe harbor provision strictly." *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005) (citing *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 788–89 (9th Cir. 2001)). Thus, even where an action would otherwise justify sanctions because it violated Rule 11(b), the court cannot award sanctions "when the challenging party failed to comply with the safe harbor provisions." *Id.*

### b. Sanctions Analysis

Here, although Plaintiffs' actions in removing to federal court were not warranted by existing law, Defendants did not comply with the safe harbor provisions required by Rule 11(c)(2). First, it is not clear that Defendants served Plaintiffs with their Motion for Sanctions as required by Rule 5. Nevertheless, assuming service was proper on February 28, 2021 when Defendants first emailed Plaintiffs asking that Plaintiffs withdraw their Notice of Removal, Defendants did not wait 21 days before presenting their Motion for Sanctions to the Court. Defendants correctly state that Rule 11's safe harbor provisions are for parties who withdraw or correct their error, and Plaintiffs made clear they had no

intention of withdrawing their Notice of Removal. However, Defendants had not received this response from Plaintiffs when they filed their Motion for Sanctions at 7:15 p.m. on March 2, 2021. In fact, Plaintiffs did not send the email saying they believed they were on "defensible footing" and would continue to litigate removal until 7:39 p.m. that day. Therefore, when Defendants filed their Motion for Sanctions, they did not know that Plaintiffs would not withdraw or correct their error and had not given Plaintiffs 21 days to do so. Because the Court must strictly enforce Rule 11's safe harbor provision, the Court cannot award sanctions in this matter and will not reach the question of whether sanctions are appropriate.

**IV.     Conclusion**

As detailed above, Plaintiffs are not permitted to remove to federal court and the Court will remand this matter to Pima County Superior Court for all future proceedings. Furthermore, Defendants did not comply with the safe harbor provision outlined in Rule 11 when seeking sanctions and, as such, this Court cannot impose sanctions for Plaintiffs' improper removal.

Accordingly, **IT IS HEREBY ORDERED** that

(1) Defendants' Motion to Remand to State Court (Doc. 18) is **GRANTED.** The Clerk of Court shall docket accordingly and close the case file in this matter.

(2) Defendants' Motion for Sanctions (Doc. 19) is **DENIED.**

Dated this 3rd day of November, 2021.


_____

Honorable Raner C. Collins
Senior United States District Judge